# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MICHAEL A. DECARO IV,
KEVIN MILLS,
HEZEKIAH WATSON on behalf of themselves
and all others similarly situated,

    Plaintiffs,

Case No. _____

v.

ADT, INC. and DEFENDERS, INC.,

    Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, MICHAEL A. DECARO IV, KEVIN MILLS, and HEZEKIAH WATSON, each individually and on behalf of all others similarly situated (collectively "Plaintiffs"), sue ADT, INC. ("ADT") and DEFENDERS, INC. ("Defenders") (ADT and Defenders are collectively "Defendants"), and allege:

## NATURE OF THE ACTION

1. This action arises due to Defendants' misclassification of Plaintiffs as "outside sales" persons exempt from the overtime compensation requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"). Plaintiffs seek compensation for unpaid overtime, liquidated damages and attorneys' fees and costs against Defendants.

## PARTIES AND JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

3. Plaintiff are individuals who are or have been employed by Defendants and bring this action each individually and on behalf of all other employees of Defendants who are similarly situated under 29 U.S.C. § 216(b).

4. Defenders is a foreign for-profit corporation doing business in and around Hillsborough County, Florida, and is subject to the jurisdiction of this Court.

5. At all relevant times herein, Defenders was a provider of ADT's home security systems.

6. ADT is a foreign for-profit corporation doing business in and around Hillsborough County, Florida and is subject to the jurisdiction of this Court.

7. In January 2020, ADT became the parent entity of Defenders.

8. At all relevant times, Plaintiffs were employed by Defendants.

9. The Court has jurisdiction over Plaintiffs' claims and Defendants.

10. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391. Pursuant to Middle District Local Rule 1.02(c), venue is proper in the Tampa Division of the Middle District of Florida because the alleged acts giving rise to this claim occurred in one of the counties of which the Tampa Division is comprised, as set forth in Local Rule 1.02(b)(4).

11. Plaintiffs' consents to being party plaintiffs are attached here to as Exhibit 1 and/or shall be filed forthwith.

## ALLEGATIONS OF FACT

12. At all relevant times hereto, Defendants employed Plaintiffs as "Field Sales Security Advisors" also known as "Security Advisors" (hereinafter "Security Advisors").

13. At all times relevant herein, each of the Plaintiffs and other similarly situated persons employed by Defendants were "employees" within the meaning of the FLSA.

14. Defendants do business in more than 40 U.S. states, including Florida, and employ Security Advisors in all such states who are similarly situated employees of Defendants within the meaning of the FLSA.

15. Plaintiffs' primary duties are to install homeowner security systems and service such systems once installed.

16. Defendants required, suffered, or permitted Plaintiffs to work in excess of 40 hours in a workweek.

17. Prior to April 2019, Defenders paid overtime compensation to its Security Advisors.

18. Upon information and belief, prior to April 2019, Defenders deemed its Security Advisors as non-exempt and thus subject to the overtime requirements of the FLSA.

19. On or about April 2019, Defenders announced that it would no longer pay overtime compensation to its Security Advisors, allegedly because employees were "abusing" overtime compensation.

20. Although Defenders said that the reason it stopped paying overtime compensation was because of alleged employee abuse, Defenders later announced that it was

justified in doing so because Security Advisors were purportedly subject to the outside sales exemption set forth in 29 U.S.C. § 213(a)(1) and 29 C.F.R. §§ 541.500-.504.

21. On or about April 2019, Defenders knowingly misclassified its Security Advisors as exempt from overtime compensation.

22. Thereafter, Defenders knowingly scheduled and required Plaintiffs and other similarly situated employees to work in excess of 40 hours each week but refused to pay these employees for any hours worked in excess of 40 hours in a workweek.

23. After acquiring Defenders in January 2020, ADT continued Defenders' practice of knowingly scheduling and requiring Plaintiffs and other similarly situated employees to work in excess of 40 hours each week but refused to pay these employees for any hours worked in excess of 40 hours in a workweek.

24. Although Defenders, and subsequently ADT, began to claim Security Advisors were subject to the outside sales exemption, the Security Advisors' job duties remained unchanged and Security Advisors continued to perform the same duties after April 2019 as they had performed prior to April 2019, when they were properly classified as non-exempt employees.

25. Plaintiffs install security equipment, such as alarms, cameras, motion detectors, window sensors, smart locks, and smoke detectors.

26. In performing such installations, Plaintiffs performed and perform labor-intensive duties, such as running wires through different rooms, carrying heavy equipment, using tools, etc.

27. Defendants have identified and still identify Plaintiffs as installers, not sales persons, on documentation issued by Defendants, such as on the employees' paystubs and advertisements.

28. Plaintiffs' performance of such installations were and are essential to the services provided by Defendants.

29. All sales originate with Defendants' corporate sales office.

30. In performing installations, Plaintiffs are subject to direct and continual supervision remotely via use of a messaging application called "Group Me."

31. Plaintiffs are required to upload pictures and documents to "Group Me" at every step of the installation for review by their supervisors, making contact with their supervisors several times at every installation.

32. If supervisors are not happy with the way Plaintiffs perform an installation, they have the authority to direct Plaintiffs to re-do that portion of the installation in accordance with supervisors' wishes.

33. Defendants exert control over nearly every facet of Plaintiffs' job duties.

34. For example, Defendants:

    a. require Plaintiffs to attend daily and weekly meetings;

    b. assign the installations;

    c. instruct Plaintiffs when to be at each installation; and

    d. require Plaintiffs to wait at the customer's home if the customer is not at home when Plaintiffs arrive. If Plaintiffs go "off process," they can face discipline or termination.

35. Moreover, Defendants require Plaintiffs to "check in" on their company-issued tablet:

    a. in the early morning hours to learn what installation jobs are assigned to them;

    b. every time they leave the workplace to travel to a customer's home;

    c. every time they begin an installation; and

    d. every time they complete an installation.

36. Defendants are not entitled to claim the outside sales exemption with respect to Plaintiffs. Plaintiffs are non-exempt employees who are entitled to be paid overtime compensation for each hour worked over 40 hours in a workweek dating from April 2019 to the present.

37. Each of the Plaintiffs was employed by Defendants within the three-year period immediately preceding the filing of the consents to join this case.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiffs, on behalf of themselves and all similarly situated individuals, restate and incorporate by reference the above paragraphs as if fully set forth herein.

39. Plaintiffs file this action on behalf of themselves and all similarly situated individuals. Pursuant to 29 U.S.C. § 216(b), Plaintiffs' signed consent forms are filed herewith as Exhibit 1 and/or will be filed forthwith.

40. The employees similarly situated and members of the Putative Class are:

All persons who are, or have been, employed by Defendants as Field Sales Security Advisors, also known as "Security Advisors", that were treated as "exempt" from

overtime under the FLSA by the Defendants, at any time from three years prior to the filing of the Complaint through the entry of judgment.

41. During the previous three years, Defendants has employed numerous individuals in the position of Security Advisor who are similarly situated to the Plaintiffs.

42. Plaintiffs and the Putative Class are similarly situated because they were paid in the same manner and performed the same job duties.

43. Defendants' policies and procedures relating to the terms and conditions of employment, including compensation, of Plaintiffs and the Putative Class and uniform, and Defendant has classified the Plaintiffs and the Putative Class as exempt from the overtime requirements of the FLSA.

44. Plaintiffs and the Putative Class worked or work in excess of 40 hours during workweeks within the applicable statutory period.

45. Defendants did not pay Plaintiffs and the Putative Class members overtime premiums for all their overtime hours worked.

46. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records

47. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the similarly situated individuals of the Putative Class.

## COUNT I
### Unpaid Overtime under 29 U.S.C. § 207

48. Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 through 47 above.

49. At all times relevant herein, Defendants were employers under 29 U.S.C. § 203(d) of the FLSA who engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(b) and 207(a).

50. At all times relevant herein, Defendants were an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s).

51. At all times relevant herein, Defendants had an annual gross volume of sales made or business done of over $500,000 for each year in the relevant period.

52. At all times relevant herein, Defendants had employees, including Plaintiffs and other similarly situated employees, engaged in commerce or in the production of goods for commerce, or had employees handling, selling or working on goods or materials that have been moved in or produced for commerce throughout the nation.

53. At all times relevant herein, each of the Plaintiffs and other similarly situated employees were "employees" of Defendants within the meaning of 29 U.S.C. §203(e)(1) of the FLSA.

54. Section 207(a)(1) of the FLSA prohibits an employer from employing its employees for a workweek longer than 40 hours, unless such employee receives compensation for all hours he or she works in excess of 40 hours at a rate not less than one and one-half times their regular rates of pay.

55. Defendants have regularly employed Plaintiffs and all other similarly situated employees in excess of 40 hours in a workweek, have not paid them at a rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a workweek,

and thus have engaged in a pattern and practice of violating §207 of the FLSA with respect to the Plaintiffs and other similarly situated employees.

56. As a consequence of Defendants' violation of the FLSA, Plaintiffs are entitled to one and one-half times their regular rates of pay for all hours they worked in excess of 40 hours for each week they were employed by Defendants and for which they were not paid one and one-half times their regular rates.

57. Defendants have willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201, et seq., as described in this Complaint in numerous ways including, but not limited to, failing to pay its employees overtime compensation and misclassifying them as exempt in order to avoid paying them overtime compensation.

58. The actions of Defendants complained of herein were deliberate, willful, and without good faith or any legal justification within the meaning of 29 U.S.C. §216(b).

59. Plaintiffs have had to retain counsel and are entitled to recover their attorneys' fees and costs connected with this action.

## REQUEST FOR NOTICE

60. Notice should be sent to the FLSA Putative Class members. There are numerous similarly situated current and former employees of Defendants who have suffered from the Defendants' practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join or opt in to this case. Plaintiffs request that this Court authorize notice to be circulated to all similarly situated persons informing them of this action and their right to opt in under 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

A. Enter an order that notice be sent to all similarly situated, current and former employees of Defendants;

B. Enter a judgment awarding Plaintiffs unpaid overtime compensation and an additional equal amount as liquidated damages;

C. In the alternative to liquidated damages, enter a judgment awarding pre-judgment interest;

D. Enter a judgment awarding Plaintiffs reasonable attorneys' fees and costs; and

E. Grant such other relief which this Court deems just and proper.

## DEMAND FOR JURY TRIAL

61. Plaintiffs demand a jury trial of all claims so triable.

Dated this 5th day of August, 2020.

Respectfully submitted,

 s/ Cynthia N. Sass
Cynthia N. Sass, Esquire
Florida Bar No. 0691320
Yvette D. Everhart, Esquire
Florida Bar No. 036960
Amanda L. Biondolino, Esquire
Florida Bar No. 1008493
**SASS LAW FIRM**
601 West Dr. Martin Luther King, Jr. Blvd
Tampa, Florida 33603
Telephone: (813) 251-5599
Facsimile: (813) 259-9797
Email: csass@sasslawfirm.com
         yeverhart@sasslawfirm.com
         abiondolino@sasslawfirm.com

and

John C. Davis, Esquire
Florida Bar No.: 827770
**LAW OFFICE OF JOHN C. DAVIS**
623 Beard Street
Tallahassee, Florida 32303
Telephone: (850) 222-4770
Facsimile:  (850) 222-3119
Email:     john@johndavislaw.net

Attorneys for Plaintiffs

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHAEL A. DECARO IV,
KEVIN MILLS,
HEZEKIAH WATSON on behalf of themselves
and all others similarly situated,

    Plaintiffs,

Case No. _____

v.

ADT, INC. and DEFENDERS, INC.,

    Defendants.

---

## CONSENT TO JOIN

I, Michael A. DeCaro IV, hereby consent, pursuant to 29 U.S.C. § 216(b), to join this case as a plaintiff.

*[signature]*

MICHAEL A. DECARO IV

Page 1 of 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL A. DECARO IV,
KEVIN MILLS,
HEZEKIAH WATSON on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.

    Case No. _____

ADT, INC. and DEFENDERS, INC.,

    Defendants.

---

### CONSENT TO JOIN

I, Hezekiah Watson, hereby consent, pursuant to 29 U.S.C. § 216(b), to join this case as a plaintiff.

*/s/ Hezekiah Watson*
HEZEKIAH WATSON